ORIGINAL

FILED
MAY 2 6 2016
U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

Pro Se
No. 16-108C
(Filed: May 26, 2016 | Not for Publication)

| | |
|---|---|
| RAY S. LIVINGSTON, <br><br> Plaintiff, <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br><br> Defendant. | Keywords: RCFC 12(b)(1); Motion to Dismiss; Lack of Jurisdiction to Review State Action. |

*Ray S. Livingston*, Steubenville, OH, Plaintiff, *pro se*.

*John Sinclair Groat*, Trial Attorney, with whom were *Claudia Burke*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, United States Department of Justice, Washington, DC, for Defendant.

### OPINION AND ORDER

**KAPLAN, Judge.**

The pro se plaintiff in this case, Ray Livingston, alleges that the Ohio Bureau of Motor Vehicles improperly and unjustly canceled his license to sell used cars. Compl., ECF No. 1. He states that, although he had operated a used car dealership for thirty-one years, his license was "unjustly revoked" in 2012 on the grounds that his place of business "didn't have electric[ity] or a phone," "was too small," and because he is "not in business for selling cars." Id. ¶ 3. According to Mr. Livingston, the cancellation of his license constituted a violation of his "civil rights under the [United States] Constitution." Id. ¶ 4. In that regard, he observes that "[m]y building is the only new building owned by an African American in Steubenville, Ohio with the name on it." Id. Mr. Livingston seeks an order directing the restoration of his license and $75,000 in damages. Id. ¶ 3.

As revealed in the attachments to his complaint, Mr. Livingston brought an almost identical action in the United States District Court for the Southern District of Ohio, Eastern Division, which that Court dismissed for lack of subject matter jurisdiction. Livingston v. Ohio Bureau of Motor Vehicles, No. 2:13-CV-0047, 2013 WL 5297249 (S.D. Ohio Sept. 19, 2013), aff'd, No. 13-4140 (6th Cir. May 29, 2014), petition for leave to file in forma pauperis denied,

No. 14-6063, 135 S. Ct. 398 (Oct. 14, 2014). In his complaint to this Court, Mr. Livingston alleges that the decision of the courts that dismissed his initial complaint were "under color" and violated his civil rights. Compl. ¶ 4.

He also alleges that after the Supreme Court denied his motion for leave to file in forma pauperis on October 14, 2014, and ordered him to pay the filing fee by November 4, 2014, he sent a check for $300 to the Court for which he states he possesses a receipt showing November 4 as the date of scheduled delivery. Id. ¶ 6. He further states that he sent several letters to Chief Justice Roberts "so that he could help me with this matter," but that he received no response. Id. Mr. Livingston states that his "complaint is against Jeffrey Atkins," an employee of the Office of the Clerk of the U.S. Supreme Court who notified Mr. Livingston that his case in the Supreme Court had been closed. Id. ¶ 6; see id. at 11 (Letter of January 23, 2015 from Mr. Atkins to Mr. Livingston). Mr. Livingston alleges further that he "never received a returned receipt that the papers were received." Id. ¶ 6.

The government has now moved to dismiss the present action in this Court for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims. For the reasons set forth below, the government's motion is **GRANTED**.[1]

## DISCUSSION

In deciding a motion to dismiss for lack of subject matter jurisdiction, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011). The court may "inquire into jurisdictional facts" to determine whether it has jurisdiction. Rocovich v. United States, 933 F.2d 991, 993 (Fed. Cir. 1991). It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499 (2004), aff'd, 98 F. App'x 860 (Fed. Cir. 2004).

Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a) (2012). The Tucker Act serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, must establish that "a separate source of substantive law . . . creates the right

---

[1] Mr. Livingston has also filed a motion for leave to proceed in forma pauperis. ECF No. 3. That motion is **GRANTED** for the limited purpose of dismissing the case for lack of jurisdiction.

to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc in relevant part)).

This Court lacks jurisdiction under the Tucker Act to adjudicate the legality of a decision by the State of Ohio to revoke Mr. Livingston's business license or to award damages on the basis of that adjudication because—notwithstanding that Mr. Livingston has named the United States as the defendant—his allegations relate to the actions of a state agency, the Ohio Bureau of Motor Vehicles. Under the Tucker Act, "if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." United States v. Sherwood, 312 U.S. 584, 588 (1941); see also Vlahakis v. United States, 215 Ct. Cl. 1018, 1018 (1978) (observing that "plaintiff's assertions concerning Illinois state officials and courts are obviously beyond this court's jurisdiction").

For similar reasons, this Court lacks jurisdiction over any claims that Mr. Livingston seeks to bring against Mr. Atkins, an employee of the Clerk's Office of the Supreme Court. "The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials." Brown v. United States, 105 F.3d 621, 624 (Fed. Cir. 1997). Moreover, Mr. Livingston has not identified a source of substantive law that might create a right to money damages against the United States based upon any action taken by Mr. Atkins.

Finally, to the extent that Mr. Livingston is arguing that the decisions of the district court, court of appeals, and/or Supreme Court violated his civil rights, this Court also lacks jurisdiction over such claims. See Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) (Court of Federal Claims does not have jurisdiction to review the decisions of district courts or their clerks relating to proceedings before those courts).

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss for lack of subject matter jurisdiction is **GRANTED** and this action is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge